IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY,** : | CIVIL ACTION NO. 3:23-CV-993 |
| : | (Judge Neary) |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **SCHMALZLE CONSTRUCTION, CO., INC., CHARLES SCHMALZLE, JOY SCHMALZLE, and WILLIAM J. SCHMALZLE,** : | |
| : | |
| **Defendants** : | |

# MEMORANDUM

Defendant William J. Schmalzle[1] sued co-defendants, Schmalzle Construction, Co., Inc., Charles Schmalzle, and Joy Schmalzle (collectively, the "Company Parties") in a state-law action alleging corporate malfeasance, and that Charles assaulted William in 2016. Plaintiff Nationwide Property and Casualty Insurance Company ("Nationwide") insured Schmalzle Construction during the relevant period and agreed to defend the Company Parties under a reservation of rights to contest insurance coverage. It seeks declaratory judgment that it is not obligated to defend or indemnify the Company Parties in the state suit pursuant to the insurance policy. Both William and the Company Parties objected to that request. Because William does not have standing to challenge Nationwide's claims

---

[1] While William is styled as a defendant, he is merely an interested party.

and the Company Parties fail to offer a substantive response, the court will grant Nationwide's motion.

## I. Factual Background & Procedural History[2]

This case stems from an action William filed on December 18, 2017, in the Court of Common Pleas of Pike County.[3] (Docs. 1-2, 22-1 ¶ 1). His claims in that proceeding are, among other things, misappropriation of corporate funds, fraud, and that Charles assaulted William on June 9, 2016, within the scope of his duties at Schmalzle Construction. (Doc. 1-2).

As alleged in William's state-court complaint, Charles, William, and Joy Schmalzle are owners and shareholders of Schmalzle Construction. (Doc. 1-2 ¶ 5). Nationwide issued a commercial general liability insurance policy to Company Parties and agreed to defend the Company Parties under a reservation of rights to contest insurance coverage. (Doc. 22-1 ¶¶ 5, 8, 9).

---

[2] Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." M.D. PA. L.R. 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. Id. Unless otherwise noted, the factual background herein derives from the parties' Rule 56.1 statements of material facts. (See Docs. 22-1, 30). To the extent the parties' statements are undisputed or supported by uncontroverted record evidence, the court cites directly to the statements of material facts.

[3] The case is captioned William J. Schmalzle v. Schmalzle Construction Co., Inc. et al, Court of Common Pleas of Pike County, C.A. No. 1333 Civil 2017.

On June 16, 2023, Nationwide filed its complaint seeking declaratory judgment that Nationwide is not obligated to defend or indemnify the Company Parties. (See generally Doc. 1). Discovery is closed, and Nationwide moved for summary judgment on all claims. (Doc. 22). Briefing has completed and this motion is ripe for disposition. (Docs. 23, 26, 28, 29, 32).

## II.     Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if the moving party shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is material if resolution of it "might affect the outcome of the suit under the governing law" and genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Mall Chevrolet, Inc. v. General Motors LLC, 99 F.4th 622, 631 (3d Cir. 2024) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). When considering a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. Tolan v. Cotton, 572 U.S. 650, 657 (2014) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970)). The court's duty is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 242-43.

There are "two closely related methods for a movant to succeed at summary judgment." Mall Chevrolet, 99 F.4th at 630. "First, under the standard approach, the moving party may produce material facts, established as genuinely undisputed, that entitle it to judgment as a matter of law." Id. (citing FED. R. CIV. P. 56(a)). "Second,

3

under the Celotex approach, a moving party may instead demonstrate that the nonmoving party has not made 'a showing sufficient to establish the existence of an element essential to that party's case *on which that party will bear the burden of proof at trial.*'" Id. (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

The nonmoving party can defeat a motion for summary judgment by producing evidence to establish a genuine issue of material fact. Anderson, 477 U.S. at 256. The nonmoving party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. Moreover, if the nonmovant's version of disputed facts is "blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).

This court has wide discretion to sanction noncompliance with local rules, including Local Rule 56.1, which serves the important purpose of organizing the summary judgment record and facilitating efficient disposition of Rule 56 motions. See Weitzner v. Sanofi Pasteur Inc., 909 F.3d 604, 613-14 (3d Cir. 2018). Permissible sanctions for failure to strictly comply with Local Rule 56.1 include striking nonresponsive statements of fact or deeming a moving party's statement to be

unopposed when not properly controverted. See id.; see also FED. R. CIV. P. 56(e); M.D. PA. L.R. 56.1. In resolving the instant motion, the court has reviewed the parties' statements and has independently considered the entire record.

### III. Discussion

Nationwide seeks a declaratory judgment that it is not obligated to defend or indemnify the Company Parties in a state-court lawsuit filed by William. (Doc. 1). This request is opposed by the Company Parties and William. As discussed further below, the former forfeited any ability to oppose Nationwide's request, and the latter does not have standing to challenge it.

Typically, in determining whether an insurance company has a duty to defend, courts must look at the scope of the insurance policy's coverage and compare it to the factual allegations contained within the four corners of the underlying complaint. Mut. Benefit Ins. Co. v. Haver, 725 A.2d 743, 745 (Pa 1999). When a complaint against the insured may come within the policy's coverage, the insurer must defend the insured. First Liberty Ins. Corp. v. MM, 745 F. App'x 195, 197 (3d Cir. 2018) (non-precedential) (citing First Oak Brook Corp. Syndicate v. Comly Holding Corp., 93 F.3d 92, 94-95 (3d Cir. 1996)). Under Pennsylvania law, an insurer is required to undertake defense of the entire suit so long as one claim is potentially covered by the policy. Caplan v. Fellheimer Eichen Braverman & Kaskey, 68 F.3d 828, 831 n.1 (3d Cir. 1995). As to indemnification, however, the insurer is only obligated to indemnify for those damages covered by the policy. Id.

Starting with the Company Parties, they did not submit a Local Rule 56.1 statement and merely provided three "Additional Disputed Facts," (Doc. 26), which the Rule does not permit and which the court will disregard.  See Weitzner, 909 F.3d at 613-14. Accordingly, the material facts included in Nationwide's Rule 56.1 statement (Doc. 22-1) are deemed admitted as to the Company Parties. See Doeblers' Pa. Hybrids, Inc. v. Doebler, 442 F.3d 812. 820 n.8 (3d Cir. 2006) ("'Judges are not like pigs, hunting for truffles buried' in the record.") (quoting Albrechtsen v. Bd. of Regents of Univ. of Wis. Sys., 309 F.3d 433. 436 (7th Cir. 2002)).

Further, the Company Parties' brief in opposition to Nationwide's motion for summary judgment is a mere five pages and does not contain a single citation to any case, statute, rule, or regulation. (See generally Doc. 26). By failing to cite to any authority, the Company Parties have not adequately briefed any issues and so any defenses they attempt to assert are abandoned. See Harrisburg Hosp. v. Thornburgh, 616 F. Supp. 699, 709 n.9 (M.D. Pa. 1985), aff'd, 791 F.2d 918 (deeming an unbriefed claim abandoned).

While William provided a substantive brief, Nationwide challenges his standing in this matter. (See Doc. 32 at 2-4). Indeed, Nationwide's request for a declaratory judgment only seeks a judgment affecting its obligations with Charles Schmalzle, Joy Schmalzle, and Schmalzle Construction; William's rights do not appear to be affected in any way. And "it is well-settled under Pennsylvania law that injured third parties do not have the right to directly sue an insurance company to recover on a judgment rendered against the insured absent a right expressly created by the policy, a statute, or through

assignment." Zaftr Inc. v. Kirk, 760 F. Supp. 3d 275, 288 (E.D. Pa. 2024) (collecting cases).

Since William's rights would be unaffected, he is unharmed and thus lacks standing. TransUnion LLC v. Ramirez, 594 U.S. 413, 417 (2021). Here, parties with standing—the Company Parties—were sued and responded in this action with counsel. William has no ability to enter this suit and assert the Company Parties' rights on their behalf. His brief may therefore be set aside as he does not have standing in this matter.

It is important, however, to note the scope of Nationwide's request. In this action, it is seeking only a declaratory action against Charles Schmalzle, Joy Schmalzle, and Schmalzle Construction. It is *not* seeking declaratory judgment protecting it from the shareholders of Schmalzle Construction, Co., Inc. against possible claims. Therefore, Nationwide's obligations with respect to William as only a shareholder are unaffected and unaddressed by this opinion.

Even considering the merits, Nationwide has adequately demonstrated William's state lawsuit involves intentional torts, (see, e.g., Doc. 1-2 ¶¶ 53-63), which are not covered by the insurance contract, (see Doc. 1-3 at ECF 11, 25) (defining coverage for bodily injury and limiting such coverage to events caused by an occurrence, which means "an accident"). Likewise, the state lawsuit's claims about intangible corporate malfeasance do not implicate tangible "property damage" liability coverage. Lucker Mfg. v. Home Ins. Co., 23 F. 3d 808, 821 (3d Cir. 1994). Therefore, Nationwide has shown its insurance

7

policy does not require it to defend or indemnify the Company Parties in the state action.

## IV.   Conclusion

William, as a third-party, does not have standing to challenge Nationwide's request for a declaratory judgment. And the Company Parties have forfeited their chance to oppose it. Because Nationwide has made a plausible case, its duty to defend has not been triggered by the state-law action and the court will grant summary judgment in Nationwide's favor. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    September 8, 2025